## Regency Clothes, Inc., v. Progressive Clothes, Inc.

Before MacNeille, P. J.; Milner and Mawhinney, JJ.

*Wexler & Weisman*, for plaintiff.

*George T. Steeley*, for defendant.

MAWHINNEY, J., December 19, 1951.—We are considering defendant's petition for approval of certain interrogatories. In accordance with the policy of this court declared by President Judge MacNeille in Klosterman et ux. v. Clark et al., 78 D. & C. 263, we shall confine our remarks in such situation to a bare minimum.

Plaintiff contends that Rule 4011 (*c*) (4) of the Pennsylvania Rules of Civil Procedure limits discovery where the facts sought are not necessary to prepare pleadings or to prove a prima facie claim or defense. A prima facie case is one in which the evidence presented is sufficiently strong to compel one's opponent to go forward in answer. A preliminary determination of what is or is not necessary to the proof of a prima facie claim or defense is, at best, an educated guess in legal definition. The boundaries of a prima facie claim or defense are not clear. As in questions of relevancy, we must resolve doubts in favor of liberal allowance of revelation of factual questions. See Klosterman v. Clark, supra.

In this case defendant is certainly entitled to know the basis of and the particulars, to the extent known or recorded, of the breach of contract alleged by plaintiff. Defendant is also entitled to know the facts relative to the damages claimed by plaintiff. The existence or nonexistence of damages is always part of a prima facie claim or defense.

Plaintiff's objection that the interrogatories require detailed investigation of plaintiff's records and memoranda cannot bar defendant's interrogatories. Such detail arises from the nature of plaintiff's claim.

Insofar as defendant requests that *plaintiff supply him* with copies of records and statements, we have denied such request. See rule 4006.

*Order*

And now, December 19, 1951, upon consideration of the petition of defendant in the above-entitled action for the approval of written interrogatories directed to plaintiff, attached thereto, it is hereby ordered and decreed that plaintiff file a verified answer to interrogatories 1, 2, 3, 4, 5, 7, 8, 9, first sentence of 10, 11, and 13, within 20 days after service of a copy of the interrogatories and of this order upon it or its counsel of record.